IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONNIE WIMBUSH #360-137  \*
    Plaintiff,
v.    \* CIVIL ACTION NO. JKB-12-1915

WCI MAIL ROOM    \*
NBCI MAIL ROOM[1]
WARDEN BOBBY SHEARIN    \*
J. MICHAEL STOUFFER, COMMISSIONER
    Defendants    \*

## MEMORANDUM

Plaintiff, presently incarcerated at North Branch Correctional Institution ("NBCI"), seeks money damages and declaratory and injunctive relief against Maryland Department of Corrections officials and employees, alleging interference with his incoming and outgoing mail. Plaintiff's motion for leave to proceed without prepayment of filing fees (ECF No. 2) shall be granted. The case, however, is subject to dismissal without requiring further response from the named defendants.

Plaintiff's complaint is well written; his allegations are broken down into three categories.[2] He first complains that on October 25, 2011, one letter he attempted to mail to the Maryland Department of Health and Mental Hygiene ("DHMH") was returned without delivery, opened by prison staff, and returned to him with the stamp torn off and a barcode blackened. ECF No. 1, Exhibit A. Plaintiff does not indicate whether ultimately he was able to send the

---

[1] The Clerk shall amend the docket to reflect additional party defendants named in the body of the complaint.

[2] Plaintiff names unspecified mail room employees at both NBCI and Western Correctional Institution ("WCI"). The two facilities are located together in Cumberland, Maryland. Although plaintiff does not specify why both facilities are implicated, the court assumes that WCI employees are involved in some aspects of processing mail for the North Branch facility.

letter of complaint concerning NBCI mental health services to DHMH.[3] Plaintiff next complains that on five separate occasions, the envelopes containing religious materials provided by various Islamic groups were confiscated by mail room personnel. Plaintiff does not contend that he did not receive the contents of the envelopes, but he notes that the notices of confiscation provided by mail room personnel did not include the return addresses of the senders. *Id.*, Exhibit B. In his final allegation, plaintiff claims that on June 14, 2012, mail room personnel logged receipt of three items of legal mail, but only two were received. Plaintiff infers the missing item came from this court.[4] *Id.*, Exhibit C.

The question presented is whether these incidents concerning impropriety in processing legal mail violated plaintiff's civil rights under 42 U.S.C. § 1983. With regard to confiscation of envelopes containing religious materials, the answer is obvious. Plaintiff received the religious materials, and thus was not "injured" when the envelopes were confiscated. He was notified that the envelopes were taken. While mail room personnel clearly did not provide the return addresses as promised, they did at least provide written notice as to the group from which the material came. Nothing more is constitutionally required.

The larger question is whether the other incidents outlined in the complaint negatively impacted plaintiff's right of access to the courts. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

---

[3] Plaintiff implies the letter of complaint, directed to DHMH officials, was significant because of pending litigation in this court. Plaintiff's unhappiness with mental health services and programming at NBCI and his subsequent complaints to DHMH officials, however, played no role in the dismissal of *Wimbush v. Booth-Moulden, et al.*, Civil Action No. JKB-12-106 (D. Md.).

[4] In addition to this case, plaintiff has filed three actions in this court in the past year. On June 13, 2012, the Clerk mailed plaintiff a docket sheet and a forms packet in response to a request docketed in *Wimbush v. Matera*, Civil Action No. JKB-11-1916 (D. Md.). That same day, an order granting defendants an extension of time was mailed to plaintiff in connection with *Wimbush v. Keefer*, Civil Action No. JKB-12- 523 (D. Md.). Plaintiff's failure to receive any of this mail has no impact on the outcome of either case. If plaintiff still has not received any of these materials, he may write the Clerk to request same.

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

A prisoner seeking to establish an unconstitutional burden on his right of access to the courts must show "'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Casey*, 518 U.S. at 355). This requirement of actual injury is derived from the doctrine of standing, "a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Casey*, 518 U.S. at 349. Plaintiff has not alleged he has missed an opportunity to pursue a meritorious challenge to his conviction or challenge to the conditions of his confinement resulting from the incidents set out here. Thus, his claim fails.[5]

The complaint shall be dismissed. A separate order follows.

DATED this 3 day of July, 2012.

BY THE COURT:

_____
James K. Bredar
United States District Judge

---

[5] Further, there is no allegation that the Warden and the Commissioner were personally involved in any mail room misconduct. As the doctrine of respondeat superior does not apply in §1983 claims, *see Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983), plaintiff's complaint cannot proceed against these individuals.